IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KATHLEEN GULBRANSEN,<br><br>        Plaintiff,<br><br><br><br><br>                vs.<br><br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S PETITION FOR EAJA ATTORNEY'S FEES<br><br><br><br><br><br>Case No. 2:12-CV-107 TS |

Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1]  For the reasons discussed below, the Court will grant Plaintiff's request.

## I.  BACKGROUND

Plaintiff filed an application for disability insurance benefits in November 2007. Plaintiff's claim was initially denied on February 20, 2008, and upon reconsideration on May 15, 2008.  Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 5, 2009.  The ALJ issued a decision on July 10, 2009, finding Plaintiff was not

---

[1] 28 U.S.C. § 2412(d).

disabled.  The Appeals Council remanded the case to the ALJ with specific instructions on July

29, 2010.  The ALJ conducted a second hearing on November 1, 2010, and again found Plaintiff

not disabled in a decision dated March 11, 2011.  The Appeals Council denied Plaintiff's request

for review on August 9, 2011.

Plaintiff filed this action on January 23, 2012.  Petitioner argued: (1) that the ALJ erred in

failing to follow the instructions of the Appeals Council on remand; (2) that the ALJ erred by

failing to properly evaluate the medical opinion evidence; and (3) her case should be reserved

and remanded with an order for immediate payment of benefits.  In response, Defendant argued

that the ALJ followed the instructions of the Appeals Council and that the ALJ's decision was

"supported by substantial evidence and free from harmful legal error."[2]

On October 9, 2012, the Court issued its Memorandum Decision and Order remanding

this case to the ALJ for further proceedings.  The Court held that while the ALJ followed the

instructions of the Appeals Council on remand, the ALJ's decision concerning Plaintiff's residual

functional capacity was not supported by substantial evidence.  Specifically, the Court found that

the ALJ failed to properly consider the medical opinion evidence of Dr. Hedges and relied too

heavily on the one-word answers provided by Dr. Enright.  "In order for the ALJ to reach the

conclusion he did on Plaintiff's residual functional capacity, the ALJ had to reject the great

majority of the evidence in the record and rely almost exclusively on the opinions of Dr.

Enright."[3]  The terse responses provided by Dr. Enright did not constitute substantial evidence.

[2]Docket No. 15, at 10.

[3]Docket No. 17, at 20.

## II.  DISCUSSION

Plaintiff seeks her fees under the EAJA.  The EAJA provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[4]

The EAJA further provides:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.[5]

"Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[6]  The only dispute here is whether Defendant's position was substantially justified.

---

[4]28 U.S.C. § 2412(d)(1)(A).

[5]*Id*. § 2412(d)(1)(B).

[6]*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).

3

The Commissioner has the burden of proof to show that his position was substantially justified.[7]  "The test for substantial justification in this circuit is one of reasonableness in law and fact.  Thus, the government's position must be justified to a degree that could satisfy a reasonable person.  The government's position can be justified even though it is not correct."[8]

Under the EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."[9]  Thus, "EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"[10]

A review of the record reveals that the position of Defendant, both in the underlying action and before this court, was not substantially justified.  As stated by this Court, in order for the ALJ to reach the decision he did, he had to reject nearly the entire record, instead relying almost exclusively on the opinions of  Dr. Enright.  Dr. Enright's opinions, however, consisted of terse, one-word answers that provided no meaningful analysis and failed to account for all of the contradictory evidence in the record.  Thus, the ALJ's RFC analysis was not supported by substantial evidence and, indeed, was contrary to the majority of the evidence in the record.  While the Court recognizes the difference between the substantial justification standard and the

---

[7] *Id.*

[8] *Id.* (quotation marks and citations omitted).

[9] 28 U.S.C. § 2412(d)(2)(D).

[10] *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

substantial evidence standard, because the ALJ's decision was so devoid of factual support both

the ALJ's determination and Defendant's argument before this Court were not substantially

justified.  Therefore, the Court finds that Plaintiff is entitled to her attorney's fees.

Plaintiff has requested an award of $6,529.72, based on an hourly rate of $175.06.

Defendant has not argued that the requested amount is unreasonable.  Therefore, the Court will

grant that amount.  However, Defendant argues that, should fees be awarded, they should be

payable to Plaintiff directly, not her counsel.  Plaintiff agrees and has requested payment be

payable to her, not her counsel.  The Court will grant that request.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Petition for EAJA Attorney's Fees (Docket No. 19) is

GRANTED.  Defendant is ordered to pay Plaintiff $6,529.72 in attorney's fees.

DATED   January 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

5