IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATHLEEN GULBRANSEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVING, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S COUNSEL'S PETITION FOR 406(b) FEES<br><br><br>Case No. 2:12-CV-107 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Natalie Bolli-Jones's ("Plaintiff's Counsel") Motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b).  For the reasons discussed more fully below, the Court will grant Plaintiff's Counsel's Motion.

## I.  BACKGROUND

　　　　In January 2012, Plaintiff hired Plaintiff's Counsel on a contingency-fee basis to represent Plaintiff's claims against the Social Security Administration for denying her application for disability insurance benefits.  Plaintiff and Plaintiff's Counsel agreed that the contingency fee would be 25 percent of the past-due benefits awarded as a result of Plaintiff's claims.[1]

　　　　On October 4, 2012, the Court reversed the decision of the Social Security Administration Administrative Law Judge and remanded the case for further proceedings.[2]  After the Court's Order, Plaintiff sought attorney's fees under the Equal Access to Justice Act

---

[1] Docket No. 24 Ex. 2.

[2] Docket No. 17.

1

("EAJA").[3]  The Court awarded Plaintiff $6,529.72 in attorney's fees, based on an hourly rate of $175.06.[4]

On January 20, 2014, the Social Security Administration awarded Plaintiff $152,741.90 in past-due benefits for the period of November 2006 through December 2013.[5]  On January 8, 2015, Plaintiff's Counsel filed this Motion seeking the Court's authorization for attorney's fees for Federal Court representation pursuant to 42 U.S.C. § 406(b).  The government makes no objection to Plaintiff's Counsel's Motion because fees paid under § 406(b) are paid from the claimant's awarded benefits rather than agency funds.[6]  Plaintiff has not responded to Plaintiff's Counsel's Motion.[7]

## II.  DISCUSSION

Plaintiff's Counsel seeks the Court's authorization and award of attorney's fees of $32,185.48.  This amount represents 25 percent of the awarded past-due benefits less $6,000.00 paid to Plaintiff's Counsel by Plaintiff for representation at the administrative level.  Plaintiff's Counsel also states that Plaintiff will be refunded $6,529.72 awarded by the Court under the EAJA.

42 U.S.C. § 406(b)(1)(A) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the . . .

---

[3] Docket No. 22.

[4] *Id.*

[5] Docket No. 24 Ex. 4.

[6] Docket No. 25.

[7] Plaintiff Counsel's Motion did not include a certificate of service indicating that Plaintiff had notice of the Motion.  On March 17, 2015, the Court received Plaintiff Counsel's certificate of service indicating that Plaintiff was served with a copy of Plaintiff Counsel's Motion.

past-due benefits." In *Gisbrecht v. Barnhart*,[8] the Supreme Court articulated what constitutes a reasonable fee under § 406(b).[9] The Court stated that district courts may reduce attorney's fees by examining the reasonableness of the contingency-fee agreement based on the character of the representation and the results achieved.[10] The Court gave several examples of what would cast doubt on the reasonableness of the contingency-fee agreement and merit a reduced fee. For example, "[i]f the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."[11] Additionally, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[12] The Court suggests that district courts "may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."[13]

While the requested contingency fee in this case does not exceed the 25 percent threshold, *Gisbrecht* requires the Court to also find that the fee is reasonable.[14]

In this case, there is no indication that Plaintiff's Counsel was responsible for undue delay in resolving Plaintiff's claims. Plaintiff retained Plaintiff's Counsel on a contingency-fee

---

[8] 535 U.S. 789 (2002).
[9] *Id.* at 808.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

basis on January 16, 2012.[15]  Plaintiff filed her Complaint on January 23, 2012.[16]  On October 9, 2012, the Court reversed the Administrative Law Judge's decision and remanded for additional proceedings.[17]  On January 20, 2014, the Social Security Administration issued its decision and informed Plaintiff that it would pay her past-due benefits for the period of November 2006 through December 2013.[18]  There is nothing on the record that would cause the Court to find that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits.  Therefore, the Court will not reduce Plaintiff's Counsel's award on this basis.

The Court may also reduce the attorney's fee award if the amount is large in comparison to the amount of time Plaintiff's Counsel spent on the case.  In this case, Plaintiff's Counsel represents that she spent 37.30 hours pursuing Plaintiff's claims before the Court.[19]  Plaintiff's Counsel also spent additional time pursuing the claim before the Social Security Administration, for which she has been compensated $6,000.00.[20]  Additionally, Plaintiff's Counsel has been awarded $6,529.72 under the EAJA.[21]  The Court authorizing additional compensation of $32,185.48 and requiring Plaintiff's Counsel to refund to Plaintiff the EAJA award would result in an hourly rate of $862.88 for Plaintiff's Counsel's time pursuing Plaintiff's claims before the

---

[15] Docket No. 24 Ex. 3.

[16] Docket No. 2.

[17] Docket No. 17.

[18] Docket No. 24 Ex. 4.

[19] Docket No. 24 Ex. 3.

[20] Docket No. 24 Ex. 1.

[21] Docket No. 22.

4

Court.  Plaintiff's Counsel represents that she would normally charge at least $250.00 per hour in similar cases.[22]

The Court will authorize the award of $32,185.48 in attorney's fees.  While courts within the Tenth Circuit have reduced awarded fees under § 406(b), the Court has no reason to find the contingency fee unreasonable in this instance.[23]  First, Plaintiff's Counsel's Motion is unopposed.  Neither the Social Security Administration nor Plaintiff has objected to the award Plaintiff's Counsel seeks.  Second, the terms of the contingency-fee agreement between Plaintiff and Plaintiff's Counsel state that the "attorney shall charge and receive as a fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded."[24]  The Court finds no reason to change a term of the contingency-fee agreement, especially when no party to the agreement has objected to the term.  While this amount is on the high-end of what the Court would find to be reasonable, the Court has no basis on which to find it unreasonable.

### III.  CONCLUSION

For the reasons discussed herein, the Court finds that the requested fee is reasonable under the contingency-fee agreement.  The Court authorizes that Plaintiff's Counsel receive $32,185.48, which represents 25 percent of Plaintiff's past-due benefits ($38,185.48) less payments already made to Plaintiff's Counsel ($6,000.00).

---

[22] Docket No. 19 Ex. 1.

[23] *See e.g., Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (finding that the district court did not abuse its discretion when reducing a contingency-fee award because the total requested fee would amount to $611.53 per hour); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (finding the district court did not abuse its discretion by reducing a contingency-fee award because it would have resulted in a high hourly rate); *Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (finding that the district court did not abuse its discretion when reducing a contingency-fee award in a substantively easy and routine case).

[24] Docket No. 24 Ex. 2.

5

Since Plaintiff's Counsel is awarded fees under § 406(b) and the EAJA, Plaintiff's Counsel must refund the lesser of the two fees to Plaintiff, which are those awarded under the EAJA.[25]

It is therefore

ORDERED that Plaintiff's Motion (Docket No. 24) is GRANTED. Plaintiff's Counsel is awarded $32,185.48. It is further

ORDERED that Plaintiff's Counsel pay Plaintiff the previous award under the EAJA of $6,529.72.

DATED this 27th day of April, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[25] *Gisbrecht*, 535 U.S. at 796.